UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

             Plaintiff,

     v.                                              Case No. 04-cr-278-pp

DANTE N. COLEMAN,

             Defendant.

**ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR RESENTENCING UNDER THE FIRST STEP ACT OF 2018 (DKT. NO. 90) AND MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (DKT. NO. 92) BUT DELAYING IMPOSITION OF NEW SENTENCE PENDING A SUPPLEMENTAL REPORT FROM THE PROBATION DEPARTMENT**

In December 2004, the defendant was indicted in a three-count indictment; one of those three counts charged him with possessing with intent to distribute cocaine base. Dkt. No. 1. About a month later, the government filed an information under 21 U.S.C. § 851, giving notice of its intent to seek an enhanced penalty because the defendant had a prior felony drug offense. Dkt. No. 7. On March 21, 2005, the defendant pled guilty to all three counts. Dkt. Nos. 10, 11. Judge Clevert sentenced the defendant on November 23, 2005; he imposed a sentence of 120 months on the felon-in-possession charge in Count One; 262 months on the cocaine base charge in Count Two, to run concurrently with the sentence imposed on Count One; and sixty months for the charge of using and carrying a gun in relation to a drug trafficking offense

in Count Three, to run consecutively to the sentences imposed on Counts One and Two, for a total sentence of 322 months. Dkt. Nos. 27, 28.

On appeal, the Seventh Circuit vacated the sentence and remanded for re-sentencing. Dkt. No. 46. On April 9, 2008, Judge Clevert resentenced the defendant to serve 120 months on Count One; 180 months on Count Two, to run concurrently with the sentence imposed on Count One; and sixty months on Count Three, to run consecutively to the sentence imposed on Counts One and Two, for a total sentence of 240 months. Dkt. Nos. 50, 51. He credited the defendant for the forty-two months he'd already spent in custody, which meant that the defendant had 198 months left to serve on the new sentence. Dkt. No. 51 at 2.

On January 2, 2019, the defendant—on his own, without a lawyer—filed a motion asking the court to resentence him under 18 U.S.C. §3582(c)(2), because of the passage of the First Step Act of 2018. Dkt. No. 90. Two months later, counsel filed an appearance on behalf of the defendant, and filed a second motion to reduce the sentence as a result of the First Step Act. Dkt. No. 92. The motion filed by counsel asserts that the defendant is eligible for a sentence reduction because he was convicted of an offense that was modified by the Fair Sentencing Act of 2010, and he committed that offense before that statute's effective date (August 3, 2010). Id. at 6. It appears that the defendant is correct as to his eligibility—Judge Clevert resentenced the defendant two and a half years before the FSA went into effect, and one of the counts of conviction was possession with intent to distribute cocaine base.

The defendant asks the court to re-sentence him as if the FSA had been in effect on the date he was sentenced. <u>Id.</u> at 7. But he also asks the court to apply current law to find (contrary to what Judge Clevert found in 2005) that he does not qualify as a career offender under §4B1.1 of the guidelines. <u>Id.</u> He argues that if the court re-sentences him (a) as if the FSA had been in effect and (b) without treating him as a career offender, his guidelines will drop from the 322-to-387-month total he faced before Judge Clevert to 130 to 147 months. <u>Id.</u> at 8. He asks the court to declare him eligible for a reduced sentence under the First Step Act, then "either reduce his sentence to allow for his immediate release and impose six years of supervised release or set this case for a resentencing hearing." <u>Id.</u> at 10-11.

The government objects. Dkt. No. 95 at 1. The government agrees that if the Fair Sentencing Act had been in effect at the time of the defendant's sentencing, the statutory maximum for his offenses would have been lower. <u>Id.</u> at 3. It also agrees that his career offender guideline would be lower under the Fair Sentencing Act, because that the career offender offense level and guideline ranges are triggered by the statutory maximum. <u>Id.</u> Despite this, the government urges the court not to reduce the 180-month sentence Judge Clevert imposed. The government states that that sentence already is below what the guideline range would have been had the Fair Sentencing Act been in effect at resentencing, because the First Step Act didn't change the fact that the defendant qualified as a career offender and because the First Step Act does not authorize plenary resentencing. <u>Id.</u> The government recognizes that,

despite its opposition, the court may decide to exercise its discretion to reduce the sentence, and in that event, asks that the court impose a sentence of time served plus ten days (to allow time to collect DNA samples). Id. at 4.

In reply, the defendant asserts that he isn't asking for much of a reduction, that he has done well while in prison and that if he were being sentenced today, his guideline range would be half of what it was in 2008. Dkt. No. 98 at 1. He makes a number of legal arguments that this court has since rejected (the court will mention those below), then notes that he tried to assist the government when he was arrested, that he was young when he was sentenced (twenty-six years old) and that he already has served a very long sentence. Id. at 4. He asks the court *not* to impose a time-served sentence, because to do so would "trigger" the start of the sixty-month mandatory minimum sentence Judge Clevert imposed on Count Three. Id. He asserts that the court need not add ten days for collection of DNA samples, because the probation office can do that while he's on supervised release. Id. He asks the court to reduce his sentence by twenty-three months "in either fashion imposed in his original motion." Id. at 5. (The original motion asked the court to reduce the drug sentence from 180 months to 160 months or to schedule a resentencing hearing. Dkt. No. 92 at 1.)

The Original Sentencing

The court starts with how Judge Clevert calculated the 262-month sentence he imposed in 2005.

*Statutory Maximums*

The May 17, 2005 presentence investigation report indicates that the defendant was responsible for 22.6 grams of cocaine base.

At the time the defendant committed these offenses, 21 U.S.C. §841(b)(1)(B)(iii) provided that a defendant convicted of a drug offense involving five grams or more of cocaine base was subject to a five-year mandatory minimum sentence and a maximum sentence of forty years.

Section 841(b)(1)(B)(iii) also required that that if a defendant was convicted of a violation involving five grams or more of cocaine base "after a prior conviction for a serious drug felony or a serious violent felony has become final," that person was subject to an enhanced sentence—a mandatory minimum sentence of ten years and a maximum of life. A month and a half after the grand jury indicted the defendant, the government filed an information under 21 U.S.C. §851(a). Dkt. No. 7. That statute requires the government to give notice if it seeks an enhanced sentence based on qualifying prior convictions. The government's information provided that notice, listing a 2002 conviction in Milwaukee County Circuit Court for possession with intent to deliver cocaine. Id. Once the government had filed the information, the defendant faced a mandatory minimum sentence of ten years and a maximum of life on any count that involved five grams or more of cocaine base.

Count Three charged the defendant with carrying a firearm during and in relation to a drug offense, in violation of 18 U.S.C. §924(c)(1)(A)(i). Dkt. No. 1 at 3. That crime carried (and still carries) a mandatory sentence of sixty months,

to be imposed consecutively to any other sentence. The only count of conviction that did not carry a mandatory minimum sentence was Count One—the charge of being a felon in possession of a firearm. Regardless of the application of the sentencing guidelines, the defendant faced a mandatory minimum sentence of 180 months, or fifteen years, and a maximum sentence of life.

*The Sentencing Guidelines*

The PSR indicated that for Count One—the felon-in-possession charge—the base offense level was 24.

For Count Two—the cocaine base charge—the offense level for possession of more than twenty but less than thirty-five grams of cocaine base was 28.

For Count Three—the §924(c) count—the guideline range was the mandatory statutory sentence of 60 months.

The PSR recommended that Judge Clevert grant the defendant a 2-level decrease for acceptance of responsibility under §3E1.1(a), as well as a 1-level decrease for timely notifying the government of his intent to plead under §3E1.1(b). This 3-level reduction resulted in an offense level of 25—the highest offense level of 28 minus the 3-level decrease for acceptance of responsibility.

The defendant, however, had a prior felony conviction for fleeing/eluding and a prior felony drug conviction. Under §4B1.1(a) of the 2004 guidelines—the career offender section—a defendant convicted of a controlled substance offense who was at least eighteen at the time of the offense of conviction and who had at least two prior felony convictions of either a crime of violence or a controlled substance offense qualified as a career offender. If the statutory

maximum for the offense of conviction was life, §4B1.1(b)(A) increased his offense level to 37 (before acceptance). It also increased his criminal history category to VI (the defendant's criminal history category would have been IV had he not qualified as a career offender). Even with acceptance of responsibility, the defendant's offense level jumped from 27 to 34 in criminal history category VI, which resulted in a guideline range of 262 to 327 months.

That wasn't the end of the calculation. Section 4B1.1(c)(2) provided that if a career offender also was convicted of violating 18 U.S.C. §924(c)—which the defendant was—his guideline range jumped to the greater of the range that resulted by adding the 60-month mandatory minimum sentence for the §924(c) count to the low and high ends of the career offender range and the range provided in the chart in §4B1.1(c)(3). In the defendant's case, adding the 60 months to the low and high ends of the career offender range resulted in a range of 322 to 387 months, while the chart in §4B1.1(c)(3) provided a range of 262 to 327 months (the same range applicable to the defendant under the career offender guideline without the §924(c) conviction). When the defendant walked into Judge Clevert's courtroom for sentencing in August 2005, he faced a sentence of 322 to 387 months—twenty-six years and ten months to thirty-two years and three months—with a mandatory minimum sentence of fifteen years.

*The 2005 Sentence*

But the defendant walked into Judge Clevert's courtroom for sentencing *after* the United States Supreme Court had issued its decision in <u>United States</u>

v. Booker, 543 U.S. 200 (2005), holding that mandatory sentencing guidelines violated the Constitution. Judge Clevert no longer was required to impose a sentence within that 322-to-387-month guideline range. He could not give the defendant less than ten years on the drug count, he could not give him less than five years on the §924(c) count and he was required to impose the five-year §924(c) sentence to run consecutively to any other sentence he gave the defendant. Otherwise, he was not bound by the guidelines.

Judge Clevert varied from the guideline range on Count One (felon in possession of a firearm), sentencing the defendant to ten years—sixteen years and eight months below the low end of the guideline range. On the drug count (Count Two), he imposed the low end of the guideline range—262 months, or twenty-one years and ten months. He imposed that sentence to run concurrently with the ten-year sentence on Count One. Finally, he imposed the mandatory sixty-month sentence on Count Three, and imposed it to run consecutively to the 262-month sentences he'd imposed on the drug counts, as the law required. The resulting sentence was 322 months—twenty-six years and ten months.

The First Step Act

The First Step Act allows this court to resentence the defendant as if sections 2 and 3 of the Fair Sentencing Act of 2010 had been in effect when the defendant committed the cocaine base offenses. Section 2(a) of the Fair Sentencing Act changed 21 U.S.C. §841(b)(1)(B)(iii). Instead of five grams of cocaine base triggering the mandatory minimum of five years and the

maximum of forty—and the mandatory minimum of ten years and maximum of life for those defendants with two qualifying convictions—section 2(a) of the FSA raised the trigger amount to twenty-eight grams. Under section 2(a) the FSA, offenses involving less than twenty-eight grams of cocaine base carried no mandatory minimum sentence and a maximum of twenty years; if the defendant had two qualifying prior convictions, he still faced no mandatory minimum, but his statutory maximum increased to thirty years.

Calculating the Defendant's Sentence Under the FSA

The court will set aside for the moment the ten-year sentence Judge Clevert imposed on Count One, and the mandatory, consecutive five-year sentence on Count Three. The following discussion involves only Count Two, the cocaine base count.

Calculating the defendant's sentence as if section 2(a) of the FSA had been in effect when he committed the drug offense for which he was convicted, the defendant is no longer subject to a ten-year mandatory minimum for Count Two. This means that if the court agrees to exercise its discretion to resentence the defendant, its sentence on the drug count is subject only to the §3553 factors and the Supreme Court's requirement that it consider the applicable guidelines. The 2004 guidelines in effect at the time of the original sentencing assigned a base offense level of 28 to the 22.7 grams of cocaine base attributed to the defendant. The 2018 guidelines in effect today assign a base offense level of 22 to that amount of cocaine base. U.S.S.G. §2D1.1(c)(9).

As the court has noted, the defendant qualified as a career offender under §4B1.1(b), and a career offender's offense level is linked to the statutory maximum for his offense. Because the statutory maximum the defendant faced in 2005 was life, the applicable offense level under §4B1.1(b)(1) was 37. Under the FSA, the statutory maximum is thirty years, which means that under §4B1.1(b)(2), the applicable offense level is reduced to 34. Minus the three points for acceptance of responsibility, the defendant's offense level under the FSA would be 31. Level 31 in criminal history category VI results in an advisory guideline range of 188 to 235 months, compared to the range of 262 to 327 months the defendant faced in 2005. Adding the sixty-month mandatory sentence for the §924(c) count to the low and high ends of this range under §4B1.1(c)(2) results in a sentencing range of 248 to 295 months, rather than the 322-to-387-month range the defendant faced in 2005. The new range would be 74 months lower on the low end and 92 months lower on the high end.

Judge Clevert sentenced the defendant to 262 months on the cocaine base count—the bottom of the pre-FSA guideline range and 74 months *higher* than the low end of the new range. The sentence was a 47% reduction from the low end of the guideline range. A sentence at the low end of the new range plus the 60-month sentence on the gun charge would result in a sentence of 248 months, rather than 322 months.

<u>The Career Offender Classification</u>

The defendant argues, however, that due to changes in the law since he was sentenced, he no longer qualifies as a career offender. Dkt. No. 92 at 7. He asserts that his conviction for felony fleeing/eluding no longer qualifies as a predicate offense under §4B1.1(a), citing <u>United States v. Dismuke</u>, 593 F.3d 582, 590 (7th Cir. 2010); <u>United States v. Hill</u>, 372 F. App'x 656, 657 (7th Cir. 2010). <u>Id.</u> The government disagrees, arguing that although the Sentencing Commission has amended §4B1.2(a)(2)—removing the "residual clause" under which the defendant's fleeing/eluding conviction qualified as a predicate—since the defendant's sentencing, the amendment was not retroactive. Dkt. No. 95 at 3 n.2.

The defendant is correct that if he were being sentenced today, he would not qualify as a career offender.

<u>The Reduced Sentence on Remand</u>

The procedural history above, however, notes that the defendant appealed the 2005 sentence. On appeal, the defendant argued that Judge Clevert "intended to make his federal sentence fully concurrent with his undischarged state sentence but 'mistakenly made it partially concurrent by failing to reduce [his] federal sentence by the amount of time he had already served on his state sentence.'" <u>United States v. Coleman</u>, 232 Fed. App'x 594, 596 (7th Cir. 2007). The appeals court was reluctant to find that Judge Clevert had erred; it observed that under comment n. 3(c) of §5G1.3(c) of the guidelines, the Sentencing Commission recommended that federal courts

impose federal sentences to run *consecutively* to undischarged state revocation sentences, Judge Clevert had stated in the judgment that the 262-month sentence was "to be served . . . concurrent [to] the defendant's state court case 01CV6340," dkt. no. 28 at 1—something the appellate court deemed "outside the norm," Coleman, 232 Fed. App'x at 596. It noted that after Booker, Judge Clevert had the discretion to depart below the guidelines to give the defendant "credit," in effect, for the discharge part of his revocation sentence, but pointed out that even a partially concurrent sentence would constitute a sentence below the guideline range given the Commission's recommendation. Id. While it was "reluctant to give the district court's reference to 'concurrent' the broadest possible reading instead of the narrowest," the court remanded for resentencing because the government had agreed, and because remand was necessary to correct an error in the supervised release portion of the sentence. Id.

At resentencing, Judge Clevert reduced the cocaine base sentence from 262 months to 180 months—a reduction of 31%, and about six and a half years below the low end of the applicable guideline range, given that at that time, the defendant qualified as a career offender. Dkt. Nos. 50, 51. While he didn't reduce the 120-month concurrent sentence on Count One, and while he couldn't reduce the sixty-month sentence on Count Three, Judge Clevert's reduction of the drug sentence reduced the  overall sentence to 240 months. On top of that, Judge Clevert subtracted the forty-two months the defendant already had served by that time, bringing the sentence down to 198 months.

*Id.* Finally, to address the alleged lack of clarity regarding whether he intended the defendant to serve that sentence concurrently, partially concurrently or consecutively to the state revocation sentence, Judge Clevert stated unequivocally, "**This sentence is *entirely concurrent* with the sentence imposed in Milwaukee County Circuit Court Case No. 01-CF-6340**." Dkt. No. 51 at 2.

Plenary Review of the Entire Sentence

This brings the court to the defendant's argument that if he qualifies for a sentence reduction under the First Step Act, the court has the discretion to reduce not just the portion of his sentence that resulted from his possession of cocaine base, but all aspects of his sentence.

Section 404(b) of the First Step Act says that a court that imposed a sentence "for a covered offense" "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." The court reads these two provisions to state that it has the discretion to reduce the defendant's sentence on the *covered offense*—the drug count—to the sentence he would have received if section 2(a) of the FSA had been in effect when he committed the drug offenses.

The defendant argues, however, that the First Step Act's requirement that a court cannot deny an eligible defendant's sentence reduction motion without conducting a "complete review on the merits" "suggests" that the Act requires the court to conduct a full resentencing. Dkt. No. 98 at 2.

The government responds that the First Step Act does not "require plenary resentencing." Dkt. No. 95 at 3. The government asks the court to look at the reasoning employed by the Supreme Court in Dillon v. United States, 560 U.S. 817 (2010), arguing that if this court applies the Dillon Court's reasoning, it will conclude that the First Step Act does not authorize plenary resentencing. The defendant replies that Dillon is inapposite. Dkt. No. 98 at 2.

In Dillon, the Supreme Court considered an amendment to the sentencing guidelines. It began with 18 U.S.C. §3582(c), which prohibits courts from modifying sentences once they have been imposed. Dillon, 560 U.S. at 819. The Court noted that one of the exceptions to that prohibition allowed a court to modify a sentence post-imposition for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. (quoting 18 U.S.C. §3582(c)(2)). Even then, the Court noted, the policy statement governing §3582(c)(2) "instructs courts not to reduce a term of imprisonment below the minimum of an amended sentencing range except to the extent the original term of imprisonment was below the range then applicable." Id. (citing U.S.S.G. §1B1.10(b)(2)). The question before the Dillon Court was whether its decision in Booker, rendering the sentencing guidelines advisory, required courts to treat

14

that instruction as non-binding. The court concluded that "*Booker* [did] not demand that result." Id.

The court agrees with the defendant that the reasoning in Dillon isn't helpful in analyzing the sentence reduction authority Congress has granted the courts through §404. That is because Dillon analyzed the part of §3582(c) that allows courts to reduce a defendant's sentence after the Sentencing Commission has reduced the applicable sentencing range—§3582(c)(2). The defendant is not asking for a reduced sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," under §3582(c)(2). He is asking the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ," under 18 U.S.C. §3582(c)(1)(B). See, *e.g.*, United States v. Delaney, Case No. 6:08-cr-00012, 2019 WL 861418 at *1 (W.D. Va., Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B)"); United States v. Fountain, Case No. 1:09-cr-00013-MR-WCM-9, 2019 WL 637715 at *2 (W.D.N.C., Feb. 14, 2019) (concluding that the defendant was eligible for a reduced sentence under the First Step Act and 18 U.S.C. §3582(c)(1)(B), "(allowing the court to modify a sentence 'to the extent otherwise expressly permitted by statute')"); United States v. Copple, Case No. 17-cr-40011-JPG-009, 2019WL486440 at *2 (S.D. Ill., Feb. 7, 2019) (rejecting the suggestion that the "proper vehicle" to implement §404 was a motion under §3582(c)(2), and expressing the belief that "the better vehicle to impose a reduced term of imprisonment is § 3582(c)(1)(B)) . . . ."); United States v.

Kamber, Case No. 09-cr-40050-JPG, 2019 WL 399935 at *2 (S.D. Ill., Jan. 31, 2019) (same holding as Copple).

Several courts have considered whether §404(b) of the First Step Act "expressly permit[s]" plenary resentencing. On March 6, 2019, two district courts in different districts held that it does not. In United States v. Davis, Case No. 07-cr-2458(1), 2019 WL 1054554 at *2 (W.D.N.Y., Mar. 6, 2019), the defendant argued that the First Step Act "authorizes full resentencing." The Davis court found that the Act "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted." Judge Skretny observed that "[n]owhere does the Act expressly permit the type of plenary resentencing or sentencing anew that [the defendant] advocates." Id. Davis also argued that Judge Skretny should impose a sentence of 151 months, "the lowest end of the new applicable Guidelines range," rather than a sentence of time served. Davis, 2019 WL 1054554 at *1, n. 2. The probation office had prepared a supplemental presentence report to assist the court; it showed that the defendant's new guideline range was 151 to 188 months with an eight-year term of supervised release, and that the defendant had served more than 136 months and accrued 600 days of good-time credit. Id. at *3. Judge Skretny concluded that imposing a determinate sentence of 151 months "would result in an overserved sentence, which this Court will not permit for public safety and deterrence reasons." Id. He granted the First Step motion, but imposed a

sentence of time served. Id. at (The defendant has appealed this decision to the Second Circuit.)

The same day, a court in the Southern District of Florida came to the same conclusion. In United States v. Potts, Case No. 02:90-cr-14010-ROSENBERG, 2019 WL 1059837 at *2 (S.D. Fla., Mar. 6, 2019), the defendant argued in his First Step motion that the sentencing court had violated Supreme Court precedent in calculating the amount of cocaine base attributable to him, and that "due to developments in the law since his sentencing, he no longer qualifie[d] as a career offender." Citing Eleventh Circuit precedent, the Potts court held that "[a] 'defendant is not entitled to a full resentencing during a § 3582(c) proceeding.'" Id. (quoting United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011)). It held that §3582(c) does not give a court "jurisdiction to consider extraneous resentencing issues," id. (quoting United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000)), and that "original sentencing determinations remain unchanged" in a §3582(c) resentencing, id. (citing Cole, 417 F. App'x at 923). The court found that the First Step Act did not "expressly" provide for plenary resentencing or reconsideration of prior sentencing decisions; "[t]he First Step Act simply permits a court to 'reimpose a reduced sentence' as if the Fair Sentencing Act's increased cocaine base requirements 'were in effect at the time the covered offense was committed.'" Id. (quoting Pub. L. No. 115-391, 132 Stat. 5194).

The Potts court also rejected one of the arguments the defendant makes here—that by using the word "impose," the First Step Act allows courts to

conduct full resentencings. The defendant in this case argues that "[f]ederal sentencing statutes regularly use the verb 'impose' to mean 'sentence,'" and argued that the fact that the Act states that a court may "impose" a reduced sentence shows that Congress meant for courts to conduct plenary resentencings. Dkt. No. 51 at 2. The <u>Potts</u> court noted, however, that it had to read the Act's use of the word "impose" in context: "The First Step Act authorizes a court to 'impose a reduced sentence,' and otherwise refers to a proceeding to 'reduce' a sentence." <u>Potts</u>, 2019 WL 1049837 at *3. Read in that context, the <u>Potts</u> court concluded that the word "impose" did not invite a plenary resentencing.

A week later, another judge in the Western District of New York reached the same conclusion. In <u>United States v. Sampson</u>, 360 F. Supp. 3d 168, 170 (W.D.N.Y. 2019), the defendant argued that he was entitled to a plenary resentencing under 18 U.S.C. §3582(c)(1)(B) and that he was entitled to be present at that resentencing. He also asked for a "'new' sentence of 123 months," while the government and the probation office recommended that the court impose a sentence of time served. <u>Id.</u> The <u>Sampson</u> court "agreed with Judge Skretny [in <u>Davis</u>] that a full resentencing is neither required nor called for." <u>Id.</u> at 171. It granted the motion, and reduced the defendant's sentence to time served. <u>Id.</u>

The District of Nebraska followed suit on March 20. The court in <u>United States v. Russo</u> first noted that nothing in the First Step Act required a court to reduce a qualifying defendant's sentence. <u>United States v. Russo</u>, Case No.

8:03CR413, 2019 WL 1277507 at *1 (D. Neb., Mar. 20, 2019). With regard to the defendant's argument that the Act "anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing," the <u>Russo</u> court found that if it were to engage in such an exercise, "it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." <u>Id.</u> <u>See also</u>, <u>United States v. Haynes</u>, Case No. 8:08CR441, 2019 WL 1430125 at *2 (D. Neb., Mar. 29, 2019) (same holding, with some expanded reasoning).

This court agrees with those courts. The First Step Act does not "expressly permit" the court to conduct a plenary resentencing. It does not authorize the court to disturb the 120-month sentence Judge Clevert imposed on Count One. It does not authorize the court to disturb Judge Clevert's conclusion that the defendant qualified as a career offender, or ignore the requirement that a court must impose the five-year mandatory sentence required by §924(c) to run consecutively to any other sentence imposed. It authorizes the court to do one thing—recalculate the sentence on Count Two as if section 2(a) of the FSA had been in effect when he committed that crime.

<u>Recalculation of the Defendant's Sentence</u>

The court believes that if the Fair Sentencing Act had been in effect in 2005 (at the time the defendant committed his offenses), he would have faced no mandatory minimum sentence on Count Two, and a statutory maximum sentence of thirty years. His offense level under §4B1.1(b)(2) would have been

34, minus 3 levels for acceptance of responsibility, for an adjusted offense level of 31. His criminal history category would have been VI. Level 31 in criminal history category VI results in an advisory sentencing range of 188 to 235 months—whether under the 2007 guidelines in effect at the time of resentencing or under the guidelines in effect today. The sentence Judge Clevert imposed in 2008 was eight months below the low end of that range. But Judge Clevert chose in 2008 to impose a sentence 31% below the low end of the applicable guideline range. If the court's math is correct, a sentence 31% below the guideline range the defendant would have faced had the Fair Sentencing Act been in effect would be somewhere around 130 months.

Decision

The court will exercise its discretion and grant the defendant's motion to resentence him as if the Fair Sentencing Act had been in effect when he committed the drug offense. The court will not, however, schedule a sentencing hearing with the defendant present. As several of the courts above have noted, Fed. R. Crim. P. 43(b)(4) provides that a defendant "need not be present" at a proceeding that "involves the . . . reduction of sentence under . . . 18 U.S.C. § 3582(c)." The court will be reducing the defendant's sentence under 18 U.S.C. §3582(c)(1)(B). Under Rule 43, his presence is not required.

There is information that the court does not have. It does not know the date on which the Bureau of Prisons considers the defendant to have begun serving his sentence. It does not know how much federal time he has served. It does not know how Judge Clevert's order imposing the sentence to run entirely

concurrently with the state revocation sentence might impact a sentence reduction eleven years later. To avoid possible problems, the court will not impose a new sentence until it can obtain an analysis and recommendation from the probation office (something it should be doing in every case in which a defendant files a First Step motion).

Conclusion

The court **GRANTS** the defendant's *pro se* motion for a sentence reduction under the First Step Act. Dkt. No. 90.

The court **GRANTS** the defendant's Motion for Resentencing Under the First Step Act of 2018, to the extent that it asks the court to recalculate under section 2(a) of the FSA the sentence he received on Count Two. Dkt. No. 92.

The court **DEFERS** imposition of the reduced sentence pending receipt of a supplemental presentence report from the probation office.

The court **ORDERS** that the probation office shall prepare a supplemental presentence report, calculating the guidelines for Count Two as if section 2(a) of the FSA had been in effect when the defendant committed those crimes, and indicating what the defendant's total sentence would be if all other original sentencing determinations remained unchanged.

Dated in Milwaukee, Wisconsin this 26th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**