UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 04-cr-278-pp

DANTE N. COLEMAN,

    Defendant.

**ORDER GRANTING DEFENDANT'S REQUEST TO MODIFY AMENDED JUDGMENT (DKT. NO. 92), VACATING SECOND AMENDED JUDGMENT (DKT. NO. 62) AND AMENDING JUDGMENT TO FURTHER REDUCE SENTENCE UNDER FIRST STEP ACT TO A DETERMINATE SENTENCE OF 154 MONTHS**

In its April 26, 2019 order, the court granted the defendant's motion for resentencing under the First Step Act of 2018, to the extent that the motion asked the court to recalculate under section 2(a) of the Fair Sentencing Act of 2010 the sentence the defendant received on Count Two. Dkt. No. 99 at 21. The court deferred imposition of the reduced sentence until it could get input from the probation office regarding the re-calculated sentence. Id.

On May 14, 2019, the probation office graciously provided an addendum to the 2005 presentence investigation report. Dkt. No. 100. The court thanks the probation office, as usual, for its prompt and thorough assistance.

As the court discussed in its April 26, 2019 order, in 2005, the defendant qualified as a career offender under §4B1.1(a) of the guidelines. Dkt. No. 99 at 6-7. He also pled guilty to a charge of using and carrying a firearm during and

1

in relation to a drug offense, in violation of 18 U.S.C. §924(c)—an offense that carried (and still carries) a mandatory minimum sentence of 60 months. Id. at 1-2; Dkt. Nos. 10, 11. Under both the 2005 guidelines manual (in effect on the defendant's original sentencing date) and the 2018 guidelines manual (which the probation office used to recalculate the guidelines as if the Fair Sentencing Act of 2010 had applied), §4B1.1(c)(2), career offenders convicted of violating §924(c) were subject to the greater of the career offender guideline range plus the 60-month mandatory minimum *or* the range provided in the chart in §4B1.1(c)(3).

If the defendant had not been convicted of violating §924(c), calculating his Count Two sentence as if the FSA had been in effect at the time of his offense would have resulted in a lower guideline range. In 2005, he would have faced a guideline range of 262 to 327 months under §4B1.1(a)—level 37 minus 3 for acceptance of responsibility, for an adjusted offense level of 34 in criminal history category VI yielded that range. In 2019, with the FSA in effect, level 34 minus 3 for acceptance of responsibility, for an adjusted offense level of 31 in criminal history category VI yielded a guideline range of 188 to 235 months under §4B1.1(a).

But because the defendant not only qualified as a career offender but also was convicted of violating §924(c), §4B1.1(c)(2) governed the calculation of his guideline range. That section provides that for career offenders convicted of violating §924(c), the guideline range is the greater of "the guideline range that results by adding the mandatory minimum consecutive penalty required by the

2

18 U.S.C. § 924(c) . . . count[] to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count[]" and "the guideline range determined using the table in subsection (c)(3)."

In 2005, adding the mandatory minimum 60 months to the minimum and the maximum of the otherwise applicable guideline range resulted in a range of 322 to 387 months. The chart in subsection (c)(3) resulted in a range of 262 to 327 months. So the first method of calculation resulted in the greater sentence, and the defendant's advisory range in 2005 was **322 to 387** months.

In 2019, adding the mandatory minimum 60 months to the minimum and the maximum of the otherwise applicable guideline range results in a range of 248 to 295 months. The chart in subsection (c)(3) has not changed in the intervening fourteen years—it still results in a range of 262 to 327 months. In 2019, however, the range reflected in the chart results in the greater sentence, and the defendant's advisory range in 2019 is **262 to 327** months.

In 2005, Judge Clevert imposed a sentence of 262 months on Count Two—the low end of the guideline range before adding the 60-month mandatory minimum for the §924(c) charge. One might assume that, if Judge Clevert had sentenced the defendant in 2019, all other things being equal, he would have imposed a sentence of 188 months on Count Two, before adding the 60-month mandatory minimum on the §924(c) charge.

But as the court discussed in its April 26, 2019 order, on April 9, 2008, Judge Clevert resentenced the defendant on remand from the Seventh Circuit.

3

Dkt. No. 99 at 12; Dkt. Nos. 50, 51. At resentencing, Judge Clevert reduced the sentence on Count Two from 262 months to 180 months. The total 240-month sentence Judge Clevert imposed on resentencing (180 months on Count Two, plus 60 months consecutive on the §924(c) count) represented a 25% reduction below the 322-month low end of the then-applicable guideline range.

All other things being equal, if the court reduces the low end of the now-applicable, post-FSA total guideline range by that same 25%, it comes up with a recalculated sentence of 196 months—136 months on Count Two, plus the 60 months consecutive on the §924(c) count.

On resentencing, Judge Clevert also gave the defendant credit for the 42 months he'd spent in federal custody. Dkt. No. 51 at 2. Crediting that 42 months against the 2008 sentence, Judge Clevert imposed a total sentence of 198 months. Id.; Dkt. No. 50. If this court credits that 42 months against the 2019 sentence, it comes up with a total sentence of 154 months.

The court will reduce the defendant's sentence to a determinate sentence of 154 months. By the court's calculations, this reduction should result in the defendant's immediate release from custody. If the court is mistaken, it trusts defense counsel will file the appropriate motion immediately.

The court **GRANTS** the defendant's Motion to Reduce Sentence Under the First Step Act. Dkt. No. 92.

The court **VACATES** the second amended judgment entered on November 17, 2008. Dkt. No. 62.

The court **ORDERS** that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of: one-hundred twenty (120) months on Count One; **one-hundred thirty-six (136) months on Count Two, to run concurrently to the sentence imposed on Count One;** and sixty (60) months on Count Three, to run consecutively to the sentences imposed on Counts One and Two, for a term of one-hundred ninety-six (196) months, *less* the forty-two (42) months the defendant **had spent in federal custody as of the April 9, 2008 resentencing hearing,** for a total term of **one hundred fifty-four (154) months imprisonment.** This sentence is *entirely concurrent* with the sentence imposed in Milwaukee County Circuit Court Case No. 01CF6340.

Upon release from imprisonment, the defendant will be on supervised release for a term of: three (3) years as to Count One; **six (6) years for Count Two, to run concurrently with the sentence imposed for Count One**; and five (5) years for Count Three, to run concurrently with the sentences imposed for Counts One and Two, for a total term of **six (6) years of supervised release**.

The court **IMPOSES** the conditions of supervised release imposed by Judge Clevert in the now-vacated November 17, 2008 judgment. The court **ORDERS** that if the defendant believes the court needs to modify any of those conditions due to changes in the law or changes in the defendant's circumstances, he may file a motion asking the court to modify the conditions

5

(identifying the particular conditions he is asking the court to modify, and describing the requested modifications).

The court **ORDERS** that within one-hundred eighty (180) days of the defendant's release from custody, the defendant work with his probation officer to make an appointment to meet with Judge Pepper for an informal office meeting to discuss his adjustment to supervision.

The court will enter a third amended judgment reflecting this sentence.

Dated in Milwaukee, Wisconsin this 20th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**